FILED
CLERK
4/14/2016 12:41 pm
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X
ERNESTO HERNANDEZ,

                      Plaintiff,

        -against-

PILGRIM PSYCHIATRIC CENTER and
MARIA COYNE,

                      Defendants.
----------------------------------------------------------------------X

**ORDER**
15-CV-6430 (SJF) (AYS)

FEUERSTEIN, District Judge:

      Plaintiff *pro se* Ernesto Hernandez ("plaintiff") commenced this action on November 10, 2015 against Pilgrim Psychiatric Center and Maria Coyne ("Coyne" and collectively, "defendants") alleging employment discrimination pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII"). Accompanying the complaint is an application to proceed *in forma pauperis*. Docket Entry [2]. For the reasons set forth herein, plaintiff's application is denied.

      Upon review of the declaration accompanying plaintiff's application, the Court finds that plaintiff's financial status disqualifies him from commencing this action without prepayment of the filing fee. See 28 U.S.C. § 1915(a)(1). To qualify for *in forma pauperis* status, the Supreme Court has long held that "an affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs [inherent in litigation] and still be able to provide himself and dependents with the necessities of life." Adkins v. E.I. Du Pont De Nemours & Co., 335 U.S. 331, 339, 69 S. Ct. 85, 93 L. Ed. 43 (1948) (internal quotation marks and citations omitted). Plaintiff's affidavit fails to meet the indigency standards of 28 U.S.C. § 1915(a). He avers that he earns approximately $2,400 per month, claims to have $2,000.00 in a checking account, and is

1

"not sure" how much money he has in his savings account.  See In Forma Pauperis Appl. ¶¶ 3-4. Plaintiff lists regular monthly expenses totaling $1,100.00.  (Id. ¶ 7.)  **Given plaintiff's financial position as set forth in his declaration, his motion to proceed *in forma pauperis* is denied, and he is directed to pay the $400.00 filing fee within two (2) weeks of the date of this Order or this action will be dismissed without prejudice.**

In addition, the complaint alleges that Coyne acted as the "coordinator" of plaintiff's team. See Complaint ¶ 8.  It is clear, however, that Title VII "does not create liability in individual supervisors and co-workers who are not the plaintiff['s] actual employers."  Raspardo v. Carlone, 770 F.3d 97, 113 (2d Cir. 2014); see also Wrighten v. Giowski, 232 F.3d 119, 120 (2d Cir. 2000) (per curiam) (noting that "individuals are not subject to liability under Title VII").  Accordingly, plaintiff's claim against Coyne is not plausible as a matter of law and is dismissed.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal.  See Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).  The Clerk of the Court is directed to mail a copy of this Order to the *pro se* plaintiff.

**SO ORDERED**.

/s/
Sandra J. Feuerstein
United States District Judge

Dated: April 14, 2016
Central Islip, New York